JS 44 (Rev. 02/19)

NIQA  NIQA  NIQA

20-288

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

20  288

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Maria M Carrillo
U.S. Attorney's Office, 615 Chestnut St., Ste
Phila PA 19106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. Sections 981 (a)(1)(C)
Brief description of cause:
Proceeds of Wire Fraud

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

JAN 16 2020

DATE 1/16/2020
SIGNATURE OF ATTORNEY OF RECORD
for Maria M Carrillo

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 615 Chestnut St., Ste 1250, Philadelphia, PA 19106-4476

Address of Defendant: N/A

Place of Accident, Incident or Transaction: Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is  ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/16/2020   /s/ Maria M. Carrillo
                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* Asset Forfeiture (Wire Fraud Proceeds)

B.  *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Maria M. Carrillo, counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 1/16/2020   /s/ Maria M. Carrillo   JAN 16 2020
                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

United States of America                :  CIVIL ACTION
                          v.            :
36,201.60 in British Pounds             :  NO. 20 288
and Pence                               :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

1/16/2020      /s/ for Maria M. Carroll        USAO - DOJ
Date           Attorney-at-law                 Attorney for

(215) 861-8200                                 Maria.Carroll@usdoj.gov
Telephone      FAX Number                      E-Mail Address

(Civ. 660) 10/02

JAN 16 2020

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION** |
| Plaintiff, | : | **20  288** |
| v. | : | No. 19-CV- |
| **£36,201.60 in British Pounds and Pence** | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |
| | : | |

## COMPLAINT FOR FORFEITURE IN REM

The plaintiff, United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Maria M. Carrillo, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States of America approximately £36,201.60 in British Pounds (ADefendant Currency@), currently frozen in an Unclaimed Balances Account at HSBC Bank, PLC in Great Britain, pursuant to 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," or a conspiracy to commit such offense. Specified unlawful activity is defined, at 18 U.S.C. §§ 1956(c)(7) and 1961, to include wire fraud, in violation of 18 U.S.C. § 1343.

Arrest Warrant signed + given to Counsel on 1/16/2020

## JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States of America under 28 U.S.C. ' 1345, and over an action for forfeiture under 28 U.S.C. ' 1355(a).

3. This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. ' 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. ' 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. ' 1355(b) (1) and (2) and 28 U.S.C. ' 1395(a) because a civil proceeding for the forfeiture of property may be prosecuted in any district where the acts giving rise to forfeiture occurred and/or because the property is located in a foreign country and is subject to forfeiture under the laws of the United States and pursuant to 28 U.S.C. ' 1355(b)(1) the forfeiture action may be filed in this district.

## THE DEFENDANT IN REM

5. The Defendant Currency is approximately Thirty-Six Thousand, Two Hundred and One British Pounds and Sixty Pence (£36,200.60), located in an Unclaimed Balances Account at HSBC Bank, PLC in Great Britain ("HSBC GB"), and previously located in HSBC GB account number ****1128 (redacted with asterisks), in the name of Tomas Services (the "Subject Account"). The Defendant Currency was frozen by HSBC GB.

## BASIS FOR FORFEITURE

6. The Defendant Currency is subject to forfeiture pursuant to 18 U.S.C § 981(a)(1)(C) because the funds constitute or are derived from proceeds traceable to wire fraud,

in violation of 18 U.S.C. § 1343, which is a "specified unlawful activity" within the meaning of 18 U.S.C. §§ 1956(c)(7) and 1961(1).

## FACTS

7. Federal Bureau of Investigation ("FBI") agents identified and located the Defendant Currency currently frozen in an Unclaimed Balances Account at HSBC GB.

8. In early November of 2017, a resident of Boyertown, Pennsylvania ("PA"), with the initials N.C., searched the internet while in the Eastern District of Pennsylvania ("EDPA") with the plan to purchase a helicopter. N.C. found an aviation advertisement online offering the sale of a Robinson R44 II Helicopter that was located in England. The advertisement identified the seller as M.R.L., and provided M.R.L.'s contact information as telephone number 011442*****0461 and email address of L***m*******r******345@gmail.com (both redacted with asterisks).

9. N.C. contacted the person who N.C. believed to be M.R.L. through the above email address, and expressed interest in purchasing the helicopter. The person N.C. contacted and believed to be M.R.L. is an unknown subject or subjects ("UNSUB").

10. On November 1, 2017, N.C. received a return email from UNSUB, whom N.C. believed to be M.R.L., stating that UNSUB would accept $145,000 U.S. dollars for the helicopter. The email included shipping information, the cost of shipping, and the shipping details. N.C. exchanged numerous emails with UNSUB, and received photographs of the helicopter that N.C. believed he was purchasing.

11. In an email dated November 9, 2017, UNSUB stated that the helicopter was privately used by UNSUB, there was no damage or accident history, and the logbook was up to date. UNSUB advised it would take approximately 14 days to ship the helicopter depending on

3

the destination port.

12. N.C. agreed to a purchase price of $150,000 U.S. dollars ("USD") for the helicopter, which included shipping. On November 17, 2017, UNSUB sent N.C. a signed purchase agreement and advised that N.C. had to provide a down payment of $50,000 USD. UNSUB provided the account information for the Subject Account where the $50,000 USD down payment should be made.

13. HSBC GB is a bank located in Great Britain. The Subject Account was opened at HSBC GB, 126 High Road, Ilford, England IGI IDA GB, 501 Shipwreck Abbey Road, Barking, Great Britain. Because it is a British bank account, any foreign currency funds deposited into the Subject Account were exchanged into British pounds.

14. The purchase agreement order sent by UNSUB to N.C. stated that after the down payment of $50,000 USD was received, delivery of the helicopter would be made within 21 days. A second payment of $100,000 USD was due upon delivery of the helicopter to N.C. The bill of sale was to be provided to N.C. following receipt of the final payment.

15. N.C. reviewed the contract, signed it, and emailed it back to UNSUB on November 20, 2017. N.C. received an email from UNSUB on November 24, 2017, with a photograph of the purported passport of M.R.L. The photograph appeared to be of a Great Britain passport with passport #****20404, in the name of M.R.L. with a photograph of an older white male purported to be M.R.L. The passport had an expiration date of December 5, 2018. UNSUB requested a copy of N.C.'s passport, however, N.C. did not send a copy of his passport.

16. The passport number identified above corresponds to an El Salvadoran passport in the name of a person with initials H.O.H.G, and not to that of M.R.L.

17. On November 30, 2017, N.C., whose bank accounts are with Bank of America,

went to a Bank of America branch, located in the EDPA, and sent a wire of $50,000 USD from his bank account to the Subject Account.

18. Shortly after wiring the money, N.C. became concerned that he had been defrauded. In an email on December 17, 2017, N.C. requested the return of the deposit money and provided UNSUB with his banking information.

19. In an email on December 18, 2017, UNSUB stated that a colleague of his would transfer the $50,000 USD to N.C.'s account and would forward the receipt to N.C. as soon as it was processed.

20. On December 19, 2017, UNSUB emailed N.C. and stated that the wire would occur before Friday, December 22, 2017, and that the UNSUB was waiting for UNSUB's account to be funded from another transaction.

21. UNSUB emailed N.C. on December 22, 2017, and told N.C. that the refund would be there soon, no later than the end of the following week.

22. To date, UNSUB has not returned the $50,000 USD to N.C.

23. UNSUB further has not delivered the helicopter to N.C.

24. On December 13, 2017, concerned that he was defrauded, N.C. went to Bank of America and asked Bank of America to contact HSBC GB and request a return of the funds. N.C. did not tell UNSUB that he had done this, as he did not want UNSUB to remove the funds from the Subject Account.

25. The funds in the Subject Account were frozen on December 14, 2017, by HSBC GB following an internal investigation prompted by the report of fraud by Bank of America. At the time that the funds were frozen by HSBC GB, the Subject Account contained £36,201.60 British pounds.

26. A search of public source records found no company with the name Tomas Services in Great Britain.

27. Since the time of the freezing of the funds in the Subject Account, the purported account holder has made no efforts to challenge the freezing or communicate with HSBC GB in any way about the account and the funds in it. The account holder appears to have abandoned the account and funds.

28. The exchange rate for U.S. dollars to British pounds was approximately .7392 on November 30, 2017. Between November 30, 2017, the date of N.C.'s wire, and December 14, 2017, the date of the freezing, the exchange rate for U.S. dollars to British pounds fluctuated between .739 and .744. Using the average of these exchange rates, £36,201.60 British pounds is approximately slightly less than the $50,000 USD wired to the Subject Account on November 30, 2017.

29. Accordingly, there is reason to believe that the £36,201.60 British pounds that were frozen in the Subject Account is the remainder of the $50,000 USD, after conversion to British Pounds, that N.C. wired to the UNSUB to purchase the helicopter.

30. Sometime after the freezing, the Defendant Currency was transferred from the Subject Account to an Unclaimed Balances Account at HSBC GB.

## CLAIM FOR FORFEITURE

31. By reasons of the foregoing, there is reason to believe that the Defendant Currency constitutes or is derived from proceeds traceable to, or proceeds obtained, directly or indirectly, as a result of wire fraud, and is therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C).

WHEREFORE, the plaintiff, United States of America, requests:

1. The Defendant Currency be proceeded against according to the law and the rules of this Court, and that due notice be given to all the interested parties to appear and show cause why forfeiture should not be decreed.

2. The Court, for the reasons set forth herein, adjudge and decree that the Defendant Currency be forfeited to the United States of America and disposed of in accordance with existing laws, together with costs, and for such other relief as this Court deems proper and just.

                Respectfully submitted,

                WILLIAM M. McSWAIN
                United States Attorney

                SARAH L. GRIEB
                Assistant United States Attorney
                Chief, Asset Recovery & Financial Litigation Unit

                MARIA M. CARRILLO
                Assistant United States Attorney

Date: January 15, 2020.

## **V E R I F I C A T I O N**

I, Thomas D. Neeson, being of legal age, verifies and, pursuant to Title 28, United States Code, Section 1746(2), declares and states as follows:

1. I am a Special Agent with the Federal Bureau of Investigation, Philadelphia Division, and I am assigned to the investigation in this case.

2. I have reviewed the foregoing Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge.

3. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on January 9th, 2020.

*Thomas D. Neeson*
Thomas D. Neeson
Special Agent
Federal Bureau of Investigation